United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL NO. 467 PENSION TRUST FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HYDRA VENTURES INCORPORATED, <br><br> Defendant. <br> _____/ | No. C-12-3746 EMC <br><br> **THIRD ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |

Plaintiffs U.A. Local No. 467 Pension Trust Fund, U.A. Local No. 467 Health and Welfare Trust Fund, Pipe Trades Apprentice and Journeyman Training Trust Fund for San Mateo County, and Mike Swanson, trustee and fiduciary of the above trust funds, have filed an action to collect unpaid contributions owed to certain multi-employer benefit plans from Defendant Hydra Ventures, Inc., *dba* Cal Pacific Plumbing Systems ("Cal Pacific"), under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et. seq*. Having received an entry of default against Cal Pacific for its failure to appear or otherwise respond to the summons and complaint served upon it in this matter, Plaintiffs now move for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). *See* Motion for Default Judgment (Docket No. 14).

It is hereby ordered that Plaintiffs shall submit to the Court:

(1) A copy of the following trust fund agreements referenced in paragraph 116 of the Collective Bargaining Agreement (Docket No. 17-1, Ex. A):

    (a) Vacation and Holiday Fund

        (b)     International Training Fund

        (c)     Hiring Hall Trust Fund

        (d)     Contract Administration Fund

        (e)     Industry Promotion and Advertising Fund

(2)    A supplemental declaration from a declarant with appropriate firsthand knowledge identifying the relevant page, section, and/or paragraph of each of the above trust agreements that states Plaintiffs' entitlement to collect (i) liquidated damages on delinquent contributions at 10% of the amount not timely paid, and (ii) interest at 12% per annum on unpaid contributions and liquidated damages.

(3)    A copy of the Trades Assessment Fund Agreement, and a supplemental declaration from a declarant with appropriate firsthand knowledge explaining why Defendant is bound by the terms of the agreement.  (*See* Galvan Second Supp. Decl., ¶ 3).  This declaration shall also identify the relevant page, section, and/or paragraph of the agreement that states Plaintiffs' entitlement to collect (i) liquidated damages on delinquent contributions at 10% of the amount not timely paid, and (ii) interest at 12% per annum on unpaid contributions and liquidated damages.

(4)    A supplemental declaration from a declarant with appropriate firsthand knowledge identifying the trust funds (if any) to which Defendant owes delinquent contributions that are *not* governed by ERISA.  (*See* Galvan Second Supp. Decl., ¶ 3).  This

///
///
///
///
///
///
///
///
///

declaration shall also precisely delineate the amount of damages (if any) sought by Plaintiffs in their motion for default judgment owed to these non-ERISA governed funds, including all relevant unpaid contributions, liquidated damages, and interest on unpaid contributions and liquidated damages.

Plaintiffs shall submit these materials to the Court no later than February 25, 2013.

    IT IS SO ORDERED.

Dated: February 15, 2013

_____
EDWARD M. CHEN
United States District Judge